UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEX MEDIA WEST, INC.; SUPERMEDIA LLC; and YELLOW PAGES INTEGRATED MEDIA ASSOCIATION d/b/a YELLOW PAGES ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE and RAY HOFFMAN, in his official capacity as Director of Seattle Public Utilities,<br><br>Defendants. | No. _____<br><br>COMPLAINT |

The First Amendment to the United States Constitution prohibits government from licensing or exercising advance approval of the press, from directing publishers what to publish and to whom to communicate, from assessing taxes or fees for the privilege of publishing, from enforcing the desire of citizens to avoid communications, from prying into citizens' preferences regarding communications they seek to avoid, and from deciding the value of a publication's content. Plaintiffs bring this action because City of Seattle Ordinance 123427 violates these and other constitutional guarantees.

COMPLAINT – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

42414-0030/LEGAL19513274.6

## PARTIES

1. Plaintiff Dex Media West, Inc. is a Delaware corporation having its principal place of business in North Carolina.

2. Plaintiff SuperMedia LLC is a Delaware limited liability company having its principal place of business in Texas.

3. Plaintiffs Dex and SuperMedia are publishers in interstate commerce of information in book form and on the internet, as described in more detail below.

4. Plaintiff Yellow Pages Integrated Media Association d/b/a Yellow Pages Association ("YPA") is a Delaware corporation having its principal place of business in New Jersey. YPA is a trade association of print and digital publishers, including the other plaintiffs, and businesses that sell to and support the print and digital local search industry. YPA brings this action on behalf of its publisher members, and thus is considered a "publisher" below.

5. Defendant City of Seattle is a municipal corporation located in the Western District of Washington.

6. Defendant Ray Hoffman is Director of Seattle Public Utilities and is responsible for enforcing Ordinance 123427.

## JURISDICTION AND VENUE

7. This action arises under the First and Fourteenth Amendments to and the Commerce Clause of the United States Constitution; 42 U.S.C. § 1983; and Article 1, Sections 5 and 12, and Article 11, Section 11, of the Washington Constitution.

8. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(3), 1367, 2201, and 2202.

9. Venue is proper in the Western District of Washington and in this division.

## FACTUAL BACKGROUND

10. Among plaintiffs' publications are "yellow pages" directories that communicate information about local businesses, government agencies, nonprofit groups, and community

COMPLAINT – 2

42414-0030/LEGAL19513274.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

activities. Typical users of yellow pages include those wishing to contact a particular government agency or business, those ready to make a purchase but uncertain as to which supplier to choose or the address or phone number of a particular seller, and those seeking community information regarding such topics as area attractions, emergency contacts, drivers' licenses, utility services, recycling, voter registration, area maps, and public schools. Many affinity groups also publish and distribute yellow pages directories addressing the informational interests of their target audiences.

11. The State of Washington recognizes the value of telephone directories by requiring local telephone companies to arrange publication of directories in each local exchange "listing the name, address . . . and primary telephone number for each customer," residential or business, "who can be called in that local exchange," and to distribute directories to each customer. WAC 480-120-251(1)-(3). The State also requires local telephone company directories to contain consumer information, including the rights and responsibilities of telephone customers, credit and deposit information, delinquency and disconnection procedures, the Washington Telephone Assistance Program, the federal Enhanced Tribal Lifeline Program, and the right of consumers to have disputes heard by the Washington Utilities and Transportation Commission. WAC 480-120-251(6). State law recognizes that local telephone companies frequently arrange to have that responsibility fulfilled on their behalf by companies such as Dex and SuperMedia. WAC 480-120-251(1), (4), (5), (6). Pursuant to authority under state law, the Washington Utilities and Transportation Commission requires the local telephone company serving Seattle to provide not only listings by name but also classified listings of business subscribers. Dex's white and yellow pages provide all this required information for residential and business subscribers in the Seattle area. SuperMedia also publishes this information for the Seattle area and publishes, on behalf of another local telephone company, the required information for other parts of King County.

12. Yellow pages directories are distributed at no cost to consumers. Like "free" television, radio, and some newspapers, yellow pages publications are supported by advertising but do more than propose commercial transactions.

COMPLAINT – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

42414-0030/LEGAL19513274.6

13. Plaintiffs and other yellow pages publishers compete with each other to make their directories more informative and thus more likely to be used. Publishers compete, to the benefit of consumers, in areas such as editorial content, presentation of content, provision of useful community information, comprehensiveness of listings and other information about businesses, and business quality guarantees. The directories generally include classified listings and advertising in a format that allows consumers to find and choose among alternatives in a given category, such as "attorneys" or "physicians."

14. Plaintiffs and other yellow pages publishers usually revise and republish their directories annually. State law requires that directories published on behalf of local telephone companies be revised at least every fifteen months, and expressly allows more frequent revision. WAC 480-120-251(4). Like other time-limited publications, from daily newspapers to direct mail circulars to seasonal catalogs, most outdated or unwanted volumes are ultimately recycled or discarded.

15. The volume of yellow pages directories recycled in Seattle is a "drop in the bucket" compared with other publications such as newspaper advertising inserts, catalogs, flyers, and unsolicited mail, and an even tinier percentage of the total amount of paper and paperboard recycled in the City.

16. Plaintiffs and other yellow pages publishers have an economic incentive to avoid distributing their hard-copy directories to those who do not want them. Each directory costs money to print and distribute. Publishers generally market and sell yellow pages advertising based on how effectively their hard-copy and online directories generate business from consumers who use their directories, rather than simply the number of hard-copy directories distributed within a market. Publishers that fail to honor consumer requests to cease deliveries of hard-copy directories risk alienating both the consumers who use their directories and, ultimately, the businesses that advertise in those directories. Plaintiffs and other yellow pages publishers thus offer websites and toll-free numbers through which consumers can select from among possible directories or opt out of

COMPLAINT – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

42414-0030/LEGAL19513274.6

deliveries completely, and YPA operates an industry website, www.yellowpagesoptout.com, to allow consumers to find the appropriate publisher's website or toll-free number for taking such action.

17. Yellow pages directories generally include business and other information based on economic and practical rather than political boundaries. Dex and SuperMedia publish directories for Seattle and for nearby areas. They publish many listings from outside the City of Seattle in their Seattle directories, including some from outside the State, and they distribute Seattle directories to many recipients outside of the City limits. For example, less than 40% of Dex's 2010 Seattle Metro Yellow Pages were delivered within Seattle City limits; the remainder were delivered throughout the Puget Sound area and elsewhere in the United States. Of the four SuperMedia directories that focus on Seattle and nearby areas, less than half of the total distribution is in Seattle. Dex and SuperMedia also have directories that focus on other areas in Washington and the United States but that include listings from within Seattle city limits and that are distributed in Seattle.

18. Many publishers use information from their yellow pages directories to publish more specialized directories. They also offer internet-based directories, but many residents do not have ready access to the internet or simply prefer a hard-copy directory. State law requires publication and distribution of hard-copy directories.

19. On October 11, 2010, the City of Seattle enacted Ordinance 123427. The Ordinance was signed by the Mayor on October 14, 2010. Most of the provisions of the Ordinance become effective January 1, 2011. The Ordinance defines a yellow pages phone book as any "publication that consists primarily of a listing of business names and telephone numbers and contains display advertising for at least some of those businesses." The Ordinance requires publishers to obtain annual licenses by April 1, 2011, and to pay assessments based on the number of copies and weight of their publications distributed in Seattle. The Ordinance also requires publication of information designated by the Director of Seattle Public Utilities on the cover of each yellow pages directory and on each publisher's website. Under the Ordinance, publishers must turn over to the City the

COMPLAINT – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

42414-0030/LEGAL19513274.6

names and contact information of those who have privately told the publishers that they do not wish to receive their publications.  The Ordinance also requires creation of a City-controlled website, funded by and targeted at plaintiffs and other yellow pages publishers, through which residents can invoke the City's official power in halting the receipt of yellow pages directories but no other publications.

20. The Ordinance singles out yellow pages, as no other publications are subject to the Ordinance's requirements, or similar requirements, regardless of the other publications' relative contribution to recycling volumes or City expense; their percentage of advertising; or the frequency or length of time that Seattle residents retain them.  The Ordinance does not distinguish between advertising and other information in the directories.  Further, the Ordinance exempts certain favored yellow pages publishers, as well as companies and individuals that distribute but do not publish yellow pages.  Instead, the Ordinance targets publishers who are not local and are less politically powerful.  Its impact on publishers and freedom of the press is direct, not incidental; intentional; and unprecedented.

21. Dex will be the first plaintiff to face publishing its directory after the Ordinance becomes fully effective.  The next edition of Dex's Seattle yellow pages is scheduled to be printed in May 2011 and distributed in June 2011.  Absent judicial relief, to proceed with publication, Dex, and others publishing yellow pages on or after April 1, 2011, and not exempt from the Ordinance, must obtain a license from the City by then, pay the publishing fees assessed by the City, publish City-mandated information in their directories, disclose the preferences of certain members of their target audience, and face a government-enforced ban on communicating with those and other potential recipients.

22. Plaintiffs will suffer irreparable constitutional and economic injury if the operation of the Ordinance is not enjoined by early 2011.

COMPLAINT – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

42414-0030/LEGAL19513274.6

**FIRST CLAIM**

23. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-22 above.

24. The Ordinance denies plaintiffs rights guaranteed by the First and Fourteenth Amendments to the United States Constitution.

**SECOND CLAIM**

25. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-22 above.

26. The Ordinance violates the Commerce Clause of the United States Constitution.

**THIRD CLAIM**

27. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-26 above.

28. The Ordinance deprives plaintiffs of rights, privileges, and immunities secured by the Constitution and laws of the United States.  The Ordinance thus constitutes a deprivation of rights actionable under 42 U.S.C. § 1983.

**FOURTH CLAIM**

29. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-22 above.

30. The Ordinance denies plaintiffs rights guaranteed by Article 1, Section 5, of the Washington Constitution.

**FIFTH CLAIM**

31. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-22 above.

32. The Ordinance conflicts with WAC 480-120-251 and violates Article 11, Section 11, of the Washington Constitution because it conflicts with that and other general laws.

COMPLAINT – 7

42414-0030/LEGAL19513274.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**SIXTH CLAIM**

33. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-22 above.

34. The Ordinance denies plaintiffs rights guaranteed by Article 1, Section 12, of the Washington Constitution.

**RELIEF**

Plaintiffs request that the Court enter judgment in their favor and against defendants:

A. Declaring that the Ordinance violates plaintiffs' rights and is void;

B. Preliminarily and permanently enjoining enforcement of the Ordinance;

C. Awarding plaintiffs their costs and attorneys' fees; and

D. Granting such other relief as the Court deems just.

DATED: November 15, 2010

s/ David J. Burman, WSBA No. 10611
DBurman@perkinscoie.com
Kathleen M. O'Sullivan, WSBA No. 27850
KOSullivan@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:    206.359.8000
Facsimile:     206.359.9000

Attorneys for Plaintiffs
Dex Media West, Inc., SuperMedia LLC, and
Yellow Pages Integrated Media Association
d/b/a Yellow Pages Association

COMPLAINT – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

42414-0030/LEGAL19513274.6