|     |     |     |
| --- | --- | --- |
| 1   |     |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEX MEDIA WEST, INC., et al.

   Plaintiffs,

   v.

CITY OF SEATTLE, et al.,

   Defendant.

CASE NO. C10-1857

ORDER

   Before the court is Plaintiffs Dex Media West, Inc., SuperMedia LLC, and Yellow Pages Integrated Media Association d/b/a Yellow Pages Association's motion for a preliminary injunction pending appeal (Dkt. # 69).  On May 11, 2011, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit (Dkt. # 68) from this court's order of May 8, 2011 denying Plaintiffs' motion for a preliminary injunction (Dkt. # 66).  Plaintiffs now move to enjoin Defendants City of Seattle and Ray Hoffman, Director of Seattle Public Utilities (collectively "the City"), from enforcing

ORDER- 1

Seattle Ordinance 123427 pending their appeal. The City has filed an opposition to Plaintiffs' motion. (Dkt. ## 70, 71.)[1] The court has considered the parties' pleadings and the declarations on file, and being fully apprised, the court DENIES Plaintiffs' motion.

Once a notice of appeal is filed, the district court is ordinarily divested of jurisdiction over the matters being appealed. *See Natural Res. Def. Council, Inc. v. Sw. Marine Inc.,* 242 F.3d 1163, 1166 (9th Cir. 2001). However, the principle of exclusive appellate jurisdiction is not absolute. *Id.* The trial court retains inherent power during the pendency of an appeal to act to preserve the status quo to ensure the effectiveness of the eventual judgment. *See id.*; *Tribal Village of Akuton v. Hodel,* 859 F.2d 662, 663 (9th Cir. 1988). Federal Rule of Civil Procedure 62(c) codifies this exception to the general rule of exclusive appellate jurisdiction by stating in part that "[w]hile an appeal is pending from an interlocutory order or final judgment that . . . denies an injunction, the [district] court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). In addition, pursuant to Federal Rule of Appellate Procedure 8(a)(1), to obtain an injunction from the Ninth Circuit while an appeal is pending, "[a] party must ordinarily move first in the district court." Fed. R. App. P. 8(a)(1)(C).

In deciding whether to grant an injunction pending appeal, courts apply a standard similar to the standard for considering a motion for a preliminary injunction. *Akutan,* 859

---

[1] No party has requested oral argument, and the court deems oral argument to be unnecessary for its resolution of this motion.

ORDER- 2

F.2d at 663; *Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir. 1983); *Humane Soc. of United States v. Guiterrez,* 558 F.3d 896, 896 (9th Cir. 2009)  In 1987, the Supreme Court stated that "[u]nder both [Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a)], . . . the factors regulating the issuance of a stay are generally the same:  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987) (citations omitted).  Recently, the Supreme Court stated similarly that in order to obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *Humane Soc.,* 558 F.3d at 896.  In addition, the Ninth Circuit has held that "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

      Plaintiffs' present motion does not state any new reason for the issuance of an injunction pending appeal that Plaintiffs did not already assert in their prior motion for a preliminary injunction.  (*Compare* Mot. Prelim. Inj. (Dkt. # 41) *with* Mot. Prelim. Inj.

Pend. App. (Dkt. # 69).)  For reasons stated in the court's previous order denying Plaintiffs' motion for a preliminary injunction (Dkt. # 66), Plaintiffs have failed to establish that they are likely to suffer irreparable harm in the absence of an injunction or that an injunction would be in the public interest.  Thus, under any of the standards articulated by either the Supreme Court in *Hilton* or *Winter*, or by the Ninth Circuit in *Cottrell*, Plaintiffs have failed to establish that they are entitled to an injunction pending appeal.  Accordingly, the court DENIES Plaintiffs' motion.  (Dkt. # 69.)

Dated this 16th day of May, 2011.

JAMES L. ROBART
United States District Judge

ORDER- 4