# SUMMIT LAW GROUP®

*a professional limited liability company*

JESSICA L. GOLDMAN
DID: (206) 676-7062
EMAIL: *jessicag@summitlaw.com*

June 28, 2011

The Honorable James L. Robart
USDC-Western District of Washington
700 Stewart Street, Room 14128
Seattle, WA 98101

      Re:    ***Dex Media West, Inc., et al. v. City of Seattle, et al.***
             **Case No. C10-1857 JLR**

Dear Judge Robart:

      We write to address the strict scrutiny case decided yesterday by the Supreme Court because we take issue with Plaintiffs' contention that the case supports a finding that the commercial speech at issue here is deserving of the heightened protection afforded to noncommercial speech.

      In *Brown v. Entertainment Merchants Association*, No 08-1448, slip op. (U.S. June 27, 2011), the Supreme Court affirmed the District Court's and the Ninth Circuit's rulings striking down a California law restricting the sale or rental of violent video games to minors absent parental permission.[1] The Supreme Court – like the Ninth Circuit[2] – rejected California's contention that violent speech should be excepted from First Amendment protection, as is the case with obscenity. *Id.* at 5. There was no argument regarding, let alone a discussion of, commercial speech whether alone or whether inextricably intertwined with core First Amendment speech.

      The Supreme Court explained that "the precise danger posed by the California Act" is "that the *ideas* expressed by speech – whether it be violence, or gore, or racism – and not its objective effects, may be the real reason for governmental proscription." *Id.* at 11 (underscoring added). The precise opposite is the case here. There is no

---

[1] Notably, Plaintiffs did not cite the Ninth Circuit's 2009 decision reaching the same conclusion in either of its summary judgment briefs to this Court. *See* Pls.' Mot. for Summ. Judgment, ECF No. 14, Jan. 31, 2011; Pls.' Reply in Supp. of Mot. for Summ. Judgment, ECF No. 37, Feb. 9, 2011.

[2] *See Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 953 (9th Cir. 2009) ("We hold that the Act, as a presumptively invalid content-based restriction on speech, is subject to strict scrutiny and not the 'variable obscenity' standard ….").

315 FIFTH AVE S SUITE 1000
SEATTLE, WASHINGTON 98104
*telephone* 206 676-7000
*facsimile* 206 676-7001
www.summitlaw.com

The Honorable James L. Robart
June 27, 2011
Page 2

evidence here that the City of Seattle takes issue with any idea expressed by the Yellow Pages Companies or their advertisers, and undisputed evidence that the City's purpose is to combat the objective environmental and privacy effects of the delivery of unwanted yellow pages.

The Supreme Court again took the opportunity to distinguish acceptable speech restrictions enforcing individual choice from paternalistic regulations that prohibit speech based on the judgments made by government about the merits of the speech. So, while the state may have "the power to *enforce* parental prohibitions … it does not follow that that the state has the power to prevent children from hearing or saying anything *without their parents' prior consent*." *Id.* at 7 (original emphasis). California's violent video prohibition "abridges the First Amendment rights of young people whose parents (and aunts and uncles) think violent video games are a harmless pastime," *id.* at 18, while the Ordinance at issue before this Court is a mechanism that constitutionally enforces resident choice not to receive commercial speech.

Very truly yours,

SUMMIT LAW GROUP PLLC

s/ *Jessica L. Goldman*
Jessica L. Goldman